# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DELLA TAPIA,

      Plaintiff,

vs.                                           Civ. No. 01-1087 MV/KBM ACE

TORRANCE COUNTY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to File First Amended

Complaint, filed September 11, 2002, **[Doc. No. 56]**.  The Court, having considered the motion,

response, reply, relevant law, and being otherwise fully informed, finds that the motion will be

**GRANTED in part and DENIED in part.**

## FACTUAL BACKGROUND

Plaintiff Della Tapia was terminated from her position as the Director of the Torrance

County Senior Services Program on January 3, 2001.[1]  Plaintiff alleges that her termination and

other related adverse employment actions violated a number of state and federal laws.  Plaintiff's

complaint includes counts alleging violations of the American with Disabilities Act, New Mexico

Human Rights Act, and Family Medical Leave Act; denial of due process; defamation; and breach

of contract.  Plaintiff named a single defendant, Torrance County, in her original complaint.  By

this motion, Plaintiff moves to amend the complaint to add Babette Stepp, who was Plaintiff's

---

[1]  A comprehensive recitation of the facts upon which Plaintiff bases her claims appears in the Court's Order on Defendant's Motion for Summary Judgment entered concurrently.

supervisor and a participant in the events and actions challenged by Plaintiff, as a named

Defendant.

## STANDARD FOR MOTION TO AMEND COMPLAINT

Under Rule 15 of the Federal Rules of Civil Procedure, leave to file an amended complaint

is within the discretion of the Court and shall be freely given . Fed. R. Civ. P. 15.  Absent an

apparent reason to refuse leave to amend, such as undue delay, bad faith, dilatory motive,

repeated failure to cure deficiencies through amendment, prejudice to an opposing party, or

futility of amendment, a party should be given leave to amend.  *See, e.g.*, *Foman v. Davis*,

371 U.S. 178, 182 (1962).

## DISCUSSION

Defendant has raised two reasons for denying Plaintiff's Motion to File An Amended

Complaint:  futility and undue delay.

## I.      Futility of Amendment

In its Order on Defendant's Motion for Summary Judgment filed concurrently herewith,

the Court granted judgment in favor of Defendant Torrance County on Plaintiff's Counts One

(Americans with Disabilities Act), Two (New Mexico Human Rights Act), and Four (Family and

Medical Leave Act) on the grounds that Plaintiff had failed to adduce sufficient evidence for a

reasonable trier of fact to find in favor of Plaintiff.  Plaintiff's proposed allegations under Counts

One, Two, and Four, and the evidence adduced in support of those proposed allegations, against

Ms. Stepp are identical to the allegations and evidence adduced in support of Plaintiff's claims

against Defendant Torrance County.  Accordingly, the evidentiary insufficiencies fatal to

Plaintiff's claims against Defendant Torrance County are also fatal to the proposed claims against

2

Ms. Stepp.  The Court finds, therefore, that claims against Ms. Stepp alleging violations of  the

American with Disabilities Act, the New Mexico Human Rights Act, and the Family and Medical

Leave Act would be futile.  Accordingly, the Court will deny Plaintiff's motion to the extent it

seeks to add Ms. Stepp as a defendant to Counts One, Two, and Four.  The Court will also deny

Plaintiff's motion to the extent it seeks to add Ms. Stepp to Count Five, which has been dismissed

by Plaintiff.

The Court granted judgment in favor of Torrance County on Plaintiff's Count Three on

the grounds that Torrance County, as a local governmental entity may not be held liable under

42 U.S.C. § 1983 for employing a person who violates another's Constitutional rights.  *See, e.g.*,

*Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 691 (1978).  That doctrine of

governmental immunity does not apply to Ms. Stepp.  Accordingly, it does not appear that a

Due Process claim against Ms. Stepp is necessarily futile.

The Court found that Plaintiff had adduced sufficient evidence for a reasonable trier of fact

to find in her favor on the breach of contract claim alleged in Count Six.[2]  The Court has not

found, and Defendant has not raised, any basis from the face of the proposed allegations against

Ms. Stepp indicating that a breach of contract claim would be futile.

II.      **Undue Delay**

Defendant asserts that Plaintiff has unjustifiably delayed in bringing her motion to amend

the complaint.  Plaintiff filed her complaint almost a year before moving to amend.  Counsel for

Plaintiff suggests that the oversight in naming Ms. Stepp is attributable to counsel's associate.

---

[2]  The wrongful discharge claim also alleged in Count Six has been dismissed by the Court.

The Court finds this explanation for the delay wholly inadequate.  However, even though Plaintiff

has not adequately explained the delay in seeking to amend, it does not appear that the delay will

prejudice the Defendants.  Accordingly, the Court concludes that Plaintiff's unjustified delay is an

insufficient reason to deny the motion to amend.

The Court finds no other apparent reason to refuse leave to amend the complaint to add

Ms. Stepp as a defendant to Counts Three and Six.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to File First Amended

Complaint, filed September 11, 2002, **[Doc. No. 56]** is **GRANTED in part and DENIED in**

**part**.  Plaintiff has ten days from the date of this Order to file an amended complaint adding

Babette Stepp as a defendant to Counts Three and Six.

Dated this 1st day of March, 2004.

_____

MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorneys for Plaintiff:
        Hannah Best, Esq.

Attorneys for Defendant:
        Elizabeth L. German, Esq.