## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DELLA TAPIA,

    Plaintiff,

vs.                                                                 Civ. No. 01-1087 MV/KBM ACE

TORRANCE COUNTY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss Counts V and VI of Plaintiff's Complaint, filed June 28, 2002 **[Doc. No. 25]**.[1] The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED in part and DENIED in part**.

## FACTUAL BACKGROUND

Plaintiff Della Tapia was terminated from her position as the Director of the Torrance County Senior Services Program on January 3, 2001.[2] Plaintiff alleges that her termination and other related adverse employment actions violated a number of state and federal laws. Among her claims, Plaintiff includes a Count Six for Wrongful Discharge. Plaintiff's wrongful discharge claim relies primarily upon the assertion that Plaintiff could not be terminated absent good cause and that Defendant discharged her without good case and for reasons that were false and in bad

---

[1] The Court entered a stipulated Order dismissing Count V with prejudice on December 20, 2002. Consequently, the Court will only address Defendant's arguments regarding the dismissal of Count VI.

[2] A comprehensive recitation of the facts upon which Plaintiff bases her claims appears in the Court's Order on Defendant's Motion for Summary Judgment entered concurrently.

faith.

      Defendant now moves for the dismissal of Plaintiff's Count Six.

## MOTION TO DISMISS STANDARD

      The Court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief.  *See, e.g.*, *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989).  When considering a motion to dismiss, the Court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff.  *See Housing Auth. of the Kaw Tribe v. City of Ponca City,* 952 F.2d 1183, 1187 (10th Cir. 1991).  The issue in reviewing the sufficiency of a complaint "is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claim."  *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'"  *Cayman Exploration Corp. v. United Gas Pipe Line Co.,* 873 F.2d 1357, 1359 (10th Cir. 1989), (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir.1986)).

## DISCUSSION

      Defendant moves to dismiss Plaintiff's Count Six, which is captioned "Wrongful Discharge."  Defendant asserts that a claim for wrongful discharge is a tort and that Defendant, as a governmental entity, is immune from any tort unless specifically waived under the New Mexico Tort Claims Act   *See, e.g., Methola v. County of Eddy*, 622 P.2d 234, 239 (N.M. 1980).  Defendant further argues that there is no waiver of immunity for a wrongful discharge claim.  *See*

*Caillouette v. Hercules, Inc.,* 827 P.2d 1306, 1311 (N.M. Ct. App.) (immunity not waived unless tort complained of falls within specifically recognized exception to Tort Claims Act), *cert. denied,* 826 P.2d 573 (1992).

Plaintiff does not appear to dispute that Defendant is immune from a wrongful discharge tort. Instead, Plaintiff argues that her Count Six is actually a breach of contract claim, which does not sound in tort. Indeed, Plaintiff's allegations suggest that Plaintiff's claim should be for breach of contract. The tort of wrongful discharge is recognized to afford protection to at-will employees who are not protected from wrongful discharge by an employment contract. *See Chavez v. Manville Products Corp.*, 777 P.2d 371, 375 (N.M. 1989) (holding that an at-will employee may recover in tort when his discharge contravenes a clear mandate of public policy). The tort is unnecessary and inapplicable to an employee protected from wrongful discharge by an employment contract. *See, e.g.*, *Silva v. AFSCME*, 37 P.3d 81, 83 (N.M. 2001).

Here, Plaintiff alleges, and Defendant does not deny, that Plaintiff had a valid employment contract with Torrance County and that the terms of that contract, as set forth in the Torrance County Personnel Policy Manual, provided that Plaintiff, as a "regular employee," could be disciplined only for cause. Accordingly, Plaintiff's employment contract provides protection from wrongful discharge and resort to the tort claim of wrongful discharge is unnecessary and inappropriate. *See, e.g.*, *Salazar v. Furr's Inc.*, 629 F. Supp. 1403, 1408 (D. N.M. 1986) (holding that if employee has protection either because of employment contract or through another cause of action, the wrongful or abusive discharge tort is unnecessary and will not be recognized).

Plaintiff's Count Six, though entitled "Wrongful Discharge," appears to set forth sufficient

allegations for a breach of contract claim and Defendant has subsequently challenged an implicit breach of contract claim in its Motion for Summary Judgment.[3]  Accordingly, the Court will grant Defendant's motion to the extent it challenges Plaintiff's wrongful discharge claim, and will deny Defendant's motion to the extent it challenges Plaintiff's breach of contract claim alleged in the body of Count Six.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Counts V and VI of Plaintiff's Complaint, filed June 28, 2002, **[Doc. No. 25]** is **GRANTED in part and DENIED in part**.  The wrongful discharge claim alleged in Count VI is hereby dismissed.  The implied claim for breach of contract contained in the body of Count VI is not dismissed.

Dated this 1st day of March, 2004.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
    Hannah Best, Esq.

Attorney for Defendant:
    Elizabeth L. German, Esq.

---

[3] The Court is unclear why Plaintiff declined Defendant's offer to stipulate to the re-captioning of Plaintiff's Count Six from "Wrongful Discharge" to "Breach of Contract," but finds that Plaintiff's refusal to rename the count is not of significant consequence.