IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DELLA TAPIA,

        Plaintiff,

vs.                                                                Civ. No. 01-1087 MV/KBM ACE

TORRANCE COUNTY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Strike Witnesses Who are Excessive, Redundant, and Irrelevant, filed November 18, 2002, **[Doc. No. 69]** and Defendant's Motion to Strike Witnesses Inadequately Identified, filed November 18, 2002, **[Doc. No. 71]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that Defendant's Motion to Strike Witnesses Who are Excessive, Redundant, and Irrelevant will be **DENIED as moot** and that Defendant's Motion to Strike Witnesses Inadequately Identified will be **GRANTED in part and DENIED in part.**

## FACTUAL BACKGROUND

Plaintiff Della Tapia was terminated from her position as the Director of the Torrance County Senior Services Program on January 3, 2001.[1] On September 19, 2001, Plaintiff filed a complaint alleging that her termination and other related adverse employment actions violated a

---

[1] A comprehensive recitation of the facts upon which Plaintiff bases her claims appears in the Court's Order on Defendant's Motion for Summary Judgment entered concurrently.

number of state and federal laws.  Plaintiff served Rule 26 disclosures identifying fifty-one specific individuals known to Plaintiff and with discoverable information.  Plaintiff served Supplemental Rule 26 disclosures adding two more specific individuals known to Plaintiff and with discoverable information.  In response to an interrogatory asking her to identify each person Plaintiff may call as a witness, Plaintiff answered by reference to her Rule 26 disclosures.  In response to a request by Defendant to review the list of witnesses identified as being potentially called at trial, Plaintiff conditionally eliminated twenty individuals from the list.  Plaintiff provided minimal identifying information for some of the witnesses identified in Plaintiff's Rule 26 disclosures and by reference in her responses to interrogatories.

## DISCUSSION

**I.      Motion to Strike Excessive, Redundant, and Irrelevant Witnesses.**

Defendant's Motion to Strike Excessive, Redundant, and Irrelevant Witnesses appears to have been filed primarily for the purpose of narrowing the amount of investigation and the number of depositions Defendant would need to conduct during discovery.  Discovery has now closed and Plaintiff has submitted a new list of witnesses she will call or may call at trial in the proposed Pretrial Order entered by this Court on April 8, 2003.  In addition, the Court has significantly narrowed the case by its Order on Defendant's Motion for Summary Judgment.  Accordingly, the Court will deny, without prejudice, Defendant's Motion to Strike Excessive, Redundant, and Irrelevant Witnesses as moot.

**II.     Defendant's Motion to Strike Witnesses Inadequately Identified.**

Defendant moves to exclude witnesses for whom Plaintiff has provided inadequate identifying information. It appears to the Court that five of the witnesses that Defendant sought to have stricken for being inadequately identified remain on Plaintiff's list of witnesses in the Pretrial Order: Juan Lopez, Liz Lujan, Shirley Chilton-Maldonado, Rory McClannahan, and Steve Jones. With the exception of Shirley Chilton-Maldonado, Plaintiff has provided what appears to be sufficient information to contact these witnesses—a phone number or the name and location of the witness' place of employment. Defendant has not described how the contact information provided by Plaintiff is inadequate.

Plaintiff has only provided a name and a town for Ms. Chilton-Maldonado. The information is inadequate to contact this witness and the Court declines to place on Defendant the burden of obtaining further contact information for this witness, particularly where it is information that Plaintiff apparently has not been able to obtain. Accordingly, the Court will strike Shirley Chilton-Maldonado from Plaintiff's witness list and will not permit her to testify at trial unless Plaintiff produces a valid telephone number within ten working days. The Court will deny the remainder of Defendant's motion.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Witnesses Who are Excessive, Redundant, and Irrelevant, filed November 18, 2002, **[Doc. No. 69]** is **DENIED as moot** and Defendant's Motion to Strike Witnesses Inadequately Identified, filed

November 18, 2002, **[Doc. No. 71]** is **GRANTED in part.** Shirley Chilton-Maldonado will be stricken from Plaintiff's witness list and will not be permitted to testify at trial unless Plaintiff produces a valid telephone number for this witness within ten working days of the date of this Order.

    Dated this 1st day of March, 2004.

                                                          MARTHA VAZQUEZ
                                                        U. S. DISTRICT COURT JUDGE

<u>Attorneys for Plaintiff</u>:
    Hannah Best, Esq.

<u>Attorneys for Defendant</u>:
    Elizabeth L. German, Esq.